IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VILAYCHITH KHOUANMANY,

    **Plaintiff,**

    v.                                      CASE NO. 17-3035-SAC-DJW

UNITED STATES MARSHALS, et al.,

    **Defendants.**

## O R D E R

This matter is a *Bivens*-type[1] civil rights action filed *pro se* by a prisoner currently incarcerated at Dublin-FCI in Dublin, California. This matter is before the Court on Plaintiff's Motion for Extension of Time (Doc. 8), Motions to Appoint Counsel (Docs. 9, 10), and Motion for Ruling (Doc. 11).

On March 2, 2017, the Court entered a Notice to Plaintiff (Doc. 3), noting that Plaintiff's motion to proceed without fees was not upon Court-approved forms and the required financial information was not included. The Notice gave Plaintiff until April 3, 2017, to correct the deficiencies and stated that failure to comply within the prescribed time may result in dismissal of Plaintiff's case. The proper forms were included with the Notice to Plaintiff.

Plaintiff's motions indicate that she has been in transit and needs an extension of time to complete her forms. For good cause shown, the Court will grant the motion and directs the Clerk to provide Plaintiff with another set of forms. The Court also grants Plaintiff's Motion for Ruling (Doc. 11) which asks the Court to rule on her motion for extension of time.

---

[1] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff seeks appointment of counsel, arguing that her claim is meritorious and complex, she is indigent, and her efforts to obtain counsel have been unsuccessful. The Court has considered Plaintiff's motions for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Therefore, Plaintiff's motions for appointment of counsel are denied without prejudice to her refiling a future motion for appointment of counsel.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for extension of time (Doc. 8) is **granted in part**. Plaintiff is granted an extension of time to **May 12, 2017**, to file her motion to proceed in forma pauperis on Court-approved forms with the

Plaintiff seeks appointment of counsel, arguing that her claim is meritorious and complex, she is indigent, and her efforts to obtain counsel have been unsuccessful. The Court has considered Plaintiff's motions for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Therefore, Plaintiff's motions for appointment of counsel are denied without prejudice to her refiling a future motion for appointment of counsel.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for extension of time (Doc. 8) is **granted in part**. Plaintiff is granted an extension of time to **May 12, 2017**, to file her motion to proceed in forma pauperis on Court-approved forms with the

required financial information included.  The motion is denied to the extent Plaintiff seeks appointment of counsel.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Appoint Counsel (Docs. 9, 10) are **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Ruling (Doc. 11) is **granted** to the extent that this Order rules on her motion for extension of time.

**IT IS FURTHER ORDERED** that the Clerk is directed to provide Plaintiff with forms for completing her motion to appear in forma pauperis.

**IT IS SO ORDERED**.

**Dated on this 25th day of April, 2017, in Kansas City, Kansas.**

                                           <u>s/ David J. Waxse</u>
                                           **DAVID J. WAXSE**
                                           **U. S. Magistrate District Judge**