IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VILAYCHITH KHOUANMANY,

    **Plaintiff,**

    v.                      CASE NO. 17-3035-SAC-DJW

MALE UNITED STATES MARSHAL, et al.,

    **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff Vilaychith Khouanmany is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be transferred to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1406(a).

### I. Nature of the Matter before the Court

This matter is a *Bivens*-type[1] civil rights action filed *pro se* by a prisoner currently incarcerated at Dublin-FCI in Dublin, California. Plaintiff alleges that on February 25, 2016, she was arrested in Sacramento, California by the United States Marshals and booked at the Sacramento County Jail. Plaintiff alleges that on all three of her court dates (February 26, 2016, and March 1 and 11, 2016) she was forced to ride unsegregated to and from the Sacramento County Jail to the District Court for the Eastern District of California, with twenty or more male inmates. Plaintiff alleges that she was sexually assaulted by the male Marshals and the male inmates. Plaintiff names as defendants: a Male United States Marshal; Caesar (LNU), a male federal inmate; and the Sacramento County Sheriff's Department. Plaintiff seeks medical

---

[1] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

1

insurance and expenses, compensatory damages and punitive damages. All underlying events took place in or around Sacramento, California.

**II. DISCUSSION**

*1. Screening*

The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 18.) When a party is proceeding in forma pauperis, 28 U.S.C. § 1915 requires the Court to screen the party's complaint. In screening Plaintiff's Complaint, it appears as though personal jurisdiction and venue are improper in this district. Plaintiff's Complaint does not set forth any facts that would support the Court's exercise of personal jurisdiction over defendants.

In *Trujillo v. Williams*, the Tenth Circuit recognized that although § 1915 "contains no express authorization for a dismissal for lack of personal jurisdiction or venue, . . . the district court may consider personal jurisdiction and venue *sue sponte* . . . when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1216–17 (10th Cir. 2006). "A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice." *Id*. at 1222.

*2. Venue*

The venue statute, 28 U.S.C. § 1391(b), provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The District of Kansas does not satisfy any of these options: none of the defendants reside here; none of the underlying events occurred here; and, regardless of any personal jurisdiction issue, it is not the case that *no* other district would be a proper venue. It appears as though the Eastern District of California would be an appropriate venue.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "[F]actors warranting transfer rather than dismissal, at least under § 1631, include finding that the new action would be time barred, that the claims are likely to have merit, and that the original action was filed in good faith rather than filed after 'plaintiff either realized or should have realized that the forum in which he or she filed was improper'." *Trujillo*, 465 F.3d at 1223, n.16 (internal citations omitted).

*3. Motions*

Plaintiff has filed motions for appointment of counsel (Doc. 13, 16). The Court denies the motions to appoint counsel without prejudice to Plaintiff refiling a motion to appoint counsel after a determination as to proper venue and screening of Plaintiff's Complaint.

Plaintiff filed a motion for extension of time to provide financial information (Doc. 15). Because the Court granted Plaintiff's motion for leave to proceed in forma pauperis (Doc. 18), Plaintiff's motion for extension of time is moot and therefore denied.

## III. Response Required

For the reasons stated herein, Plaintiff is therefore required to show good cause why this action should not be transferred to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1406(a).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **July 20, 2017,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be transferred to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1406(a) for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's motions for appointment of counsel (Doc. 13, 16) are **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time to provide financial information (Doc. 15) is **denied as moot.**

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 15th day of June, 2017.**

>**s/ David J. Waxse**
>**David J. Waxse**
>**U. S. Magistrate Judge**